## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUBY LEDBETTER,**<br>**parent and next friend of G.E., a minor**<br>**3005 20th Street, SE**<br>**Washington, D.C. 20018**<br>　　　　　　　　**Plaintiffs,**<br><br>　　**v.**<br><br>**NEW SCHOOL FOR ENTERPRISE**<br>**AND DEVELOPMENT PUBLIC**<br>**CHARTER SCHOOL**<br>**serve:**<br><br>**CHARLES TATE, Registered Agent**<br>**1920 Bladensburg Rd, NE**<br>**Washington, D.C. 20012**<br><br>　　　　　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　**Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman Gerald, Esquire, James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive, and Other Relief respectfully represent unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.　　This is an action for full reimbursement of attorneys' fees and costs incurred by Plaintiffs in their claims against the Defendants pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendants have failed to carry out their legal duty to fully reimburse those

fees and costs to Plaintiffs, the prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to obtain the full reimbursement due them.

## JURISDICTION

2.    This Court has jurisdiction pursuant to:

a.        The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

b.        Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiff is a child eligible to receive special education from the District of Columbia as defined by the IDEIA and Section 504, as well as her parents or guardians, who, at all times relevant to this action, is a resident of the District of Columbia, and who prevailed in administrative hearings held pursuant to the IDEIA. This parent bring this action on behalf of the aforementioned child and in her own right, and the individual Plaintiffs are designated as follows:

5.    At all times relevant hereto, Giovanni Evans, "hereinafter G.E." was a student in the New School for Enterprises and Development Public Charter

2

(New School) Special Education Program in the District of Columbia.

## FACTUAL ALLEGATIONS

6.   That on or about June 6, 2005 Plaintiffs, by and through counsel, filed a hearing request, alleging that New School failed to, among other things, complete initial evaluations in a timely manner.  As relief, Plaintiffs sought funding of the student's evaluations and convene a MDT meeting within ten days after the receipt of evaluations.  *See June 6, 2005 Administrative Due Process Hearing Request.*

7.   That on July 21, 2005 and August 24, 2005, Plaintiffs appeared before an Administrative Hearing Officer.

8.   That in a September 7, 2005 Hearing Officer's Determination, the hearing officer order New School to fund independent evaluations, and upon the receipt of the evaluations, the team had to convene a MDT/Eligibility/IEP/Placement meeting to review the evaluations and determine eligibility and placement.  *See September 2005 Hearing Officer's Determination.*

9.   That on October 6, 2005, counsel for the New School filed a complaint in the federal court contesting the September 2005 HOD alleging that the hearing officer was erroneous in his conclusions.  *See Complaint 05cv01980.*

10.  That on October 3, 2006, counsel for Ruby Ledbetter filed an answer in the matter and the court ordered that the parties submit a joint rule 16.3(b) statement by the 13th of October 2006.

11. That on December 29, 2006, counsel for New School filed a Motion to Dismiss and it was granted on January 25, 2007.

12. That since the Motion to Dismiss was granted the parent now brings this claim for reimbursement of reasonable attorney fees.

13. That a party prevails if resolution of the dispute causes "material alteration" of the "legal relationship between the parties," and the Plaintiff obtains "at least some relief on the merits of his claim" that "directly benefit[s] him at the time of the judgment or settlement."See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).

14. That, in accordance with the law, Plaintiff Ledbetter is a prevailing party.

15. That pursuant to 20 U.S.C. § 1400 *et seq.*, of the IDEIA, a Plaintiff may recover "reasonable" attorneys' fees, in an administrative proceeding or in a court action against the Defendants.

16. That the amount of attorneys fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(c).

17. That the rate for "reasonable" attorneys' fees has been set by cases decided in the District of Columbia. *See, e.g., Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

18. That the attorney's current billing rates, as evidenced by the invoices attached

4

as EXHIBITS hereto, are reasonably consistent with the prevailing market rate and the hours claimed were reasonable and necessary.

19.    That Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

20.    That this Court and the IDEIA clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties, such as the Plaintiff herein.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.    Enter an Order directing Defendant to pay any and all reimbursements to the Plaintiff for reasonable Attorneys' Fees.

2.    Enter an Order directing Defendant to pay any and all reimbursements to the Plaintiff as to Costs.

3.    Award each Plaintiff pre-judgment interest on each award.

4.    Award to Plaintiff the attorneys' fees and costs incurred in prosecuting the instant lawsuit.

5.    Awarding such other relief as may be just and proper.

Respectfully Submitted,

_____
Domiento C.R. Hill, Esq. 14973
Roxanne D. Neloms, Esq. 478157
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
Attorneys for Plaintiffs

# Exhibit 1

## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## REQUEST FOR MEDIATION/HEARING

➢ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**

➢ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION ___ I REQUEST MEDIATION AND A HEARING _X_ I REQUEST A HEARING

### STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: <u>Giovanni Evans</u>      DOB:  <u>7/20/90</u>

Address:  <u>3005 20th Street, N.E., Washington, D.C. 20018</u>

<u>New School For Enterprise Public Charter</u>      <u>Same</u>
Present School of Attendance:          Home School:
                 (Neighborhood school where child is registered)

**COMPLAINT IS MADE AGAINST:**      <u>New School for Enterprise Public Charter School</u>
                 DCPS and/or D.C. Public Charter School-specify  charter school

### INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name: ____ <u>Ms. Ruby Ledbetter</u>
Address: <u>3005 20th Street, N.E., Washington, D.C. 20018</u>
Phone:  (H) <u>(202) 269-3141</u> (W) _____ (Fax) _____

Relationship to Student: <u>X</u> Parent ___ Self __ Legal Guardian ___ Parent Surrogate ___ Public Agency

### PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name:  <u>Roberta L. Gambale, Esq.</u>  Phone:  (W) __ <u>202-742-2000</u> __ (Fax) <u>202-742-2098</u>

Address: ____ <u>1220 L Street, NW, Suite 700, Washington, DC 20005</u>

You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35

days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:   June 28, 2005        June 29, 2005       June 30, 2005
Mediation: _____   _____   _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

        Interpreter
      ___ Foreign Language:
      ___ Sign Language _____
      ___ Other _____

Special Communications _____

Special Accommodation for Disability _____
Other _____

## 3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:

(You may attach additional pages to provide more information if needed.)

Describe the nature of the problem:

### Failure to conduct intial evaluations and/or identify/ Child Find

New School for Enterprise and Development, Public Charter School ("PCS") failed to conduct initial evaluations for Giovanni Evans, DOB: 7/20/90, pursuant to the written request of the parent to determine whether or not Giovanni is a disabled student and/or eligible for special education services. On or about February 4, 2005, a written request for an initial and/or comprehensive evaluation was made on behalf of this student. PCS failed to conduct these evaluations despite subsequent communication from counsel for the parent and the parent. (See correspondence from attorney dated 5/3/05) (See: 34 CFR Sections 300.503 & D.C. Code Sec. 38-2501 which requires the completion of initial evaluation evaluations within 120 days)& 34 C.F.R. Sections 300.125; 300.300). New Schools for Enterprise and Development Public Charter School, as the LEA, has an obligation to evaluate pursuant to both the IDEA and DC Regulations. The SEA has an affirmative obligation to identify all disabled students in need of special education services in their jurisdiction and to provide each student with an appropriate and indivualized educational program pursuant to the requirements of the IDEA. In the case at hand, there is and was ample evidence to warrant testing for Giovanni Evans:

- Standardized test results indicate that Giovanni is performing below grade level;

- Failing all classes with the exception of art in which he has a grade of "D" due primarily to his defiant refusal to attend classes.

- Defiant behavior has continued to escalated since December 2004.

In addition, to the above referenced issues, Giovanni has subsequently been diagnosed with a scalp condition that has caused him to lose his hair and has a negative impact on his self esteem. The scalp situation is exasperating an already difficult situation.

Pursuant to 34 C.F.R. Section 300.7(c)(4)(i)(B)&(C) An emotional disturbance is defined to be " *A condition exhibiting one or more of the following characteristics over a long period of time and to a marked degree that adversely affects a child's educational performance........(B) An inability to maintain satisfactory interpersonal relationships with peers and teachers. (C) Inappropriate types of behavior or feelings under normal*

*circumstances.*" The aforementioned facts support that Giovanni may meet the criteria of an emotional disturbed student.

As a result of DCPS's failure to identify this student, he has been denied a free and appropriate public education (FAPE) and should be entitled to compensatory relief.

### Failure to provide notice of intnt to evaluate the student

New School for Enterprise and Development, Public Charter School ("PCS")failed to provide Notice of their intent to evaluate Giovanni Evans, DOB: 7/20/90. Parent submitted a written request for evaluations on or about February 4, 2005, after being informed by the student's teacher in December that he would likely be retained this year and after receiving numerous deficiency notices and repeated reports of behavior incidents. To date, over 120 days have passed since the request was made and PCS has failed to begin evaluations and has failed to provide the parent with written notice regarding its intent to conduct or not conduct the evaluations. (See: 34 CFR Sections 300.503 & D.C. Code Sec. 38-2501 which requires the completion of initial evaluation evaluations within 120 days).

In the event that testing is not completed prior to end of the current school year, DCPS may lack sufficient data to conduct an appropriate functional behavioral assessment which should be conducted based upon his extensive history of behavior concerns at school which are clearly impacted his education as evidenced by the teacher report this school year and his failing grades. (See 34 C.F.R. Sections 300.346).

Describe issues to be addressed at the mediation and/or hearing, with specificity:

Whether or not "New School" PCS failed to evaluate and/or address whether this student is eligible for special education services pursuant to the requirements of the IDEA and DC Regulations?

Whether PCS failed to provide notice of their intent to evaluate this student?

Whether this student has been denied FAPE and should be entitled to Compensatory relief?

*The parent further asserts any additional facts or issues, related to those raised here, that may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter. In addition, if the proof offered at the due process hearing differs from the description of the nature of the problem, as stated above, and the proposed resolution of the problem, as stated below, then the parent hereby amends the hearing request to conform to the proof presented at and during the hearing.*

**Describe relevant facts relating to the problem:**

above

w you would like to see the problem corrected

1.  PCS shall fund the following evaluations for this student to include but not limited to: 1) psycho-educational; 2) speech and language; 3) social history; 4) clinical ; 5) occupational or physical therapy evaluation if warranted; 6) other evaluations recommended for student;

2.  PCS convene a meeting within ten (10) business days of the date of receipt of the last independent evaluation for the purpose of reviewing evaluations; determining eligibility; developing an IEP and discussing placement and compensatory education if eligible;

3.  All meetings shall be scheduled through counsel for the parent;

4.  If found eligible, the student shall be entitled to compensatory relief for delays in this case and an a Compensatory education plan shall be developed;

5.  A final determination shall be issued pursuant to the timelines set forth in the IDEA.

_____          June 6, 2005
Signature of Applicant/Parent            Date

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
Washington, DC  20002          FAX:  (202) 442-5556

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                          Revised 02/01/2003

```
        ***********************
        ***   TX REPORT   ***
        ***********************


TRANSMISSION OK

TX/RX NO              1819
CONNECTION TEL                     94425556
CONNECTION ID
ST. TIME             06/07 10:12
USAGE T              00'50
PGS. SENT            6
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Marshall Lammers° |
| Christopher L. West | Telephone: (202) 742-2000 | Delores Scott McKnight |
| Tilman L. Gerald | Facsimile: (202) 742-2098 | |

* Admitted in Maryland Only        e-mail: Admin@Jeblaw.biz        ! Admitted in Bolivia Only

# *FAX COVER SHEET*

**DATE:**  June 7, 2005

**TO:**  Sharon Newsome, Student Hearing Coordinator, DCPS

**PHONE:**  202-442-4800

**FAX NO:**  202-442-5556

**FROM:**  Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

Giovani Evans
DOB: 7/20/90

NUMBER OF PAGES INCLUDING COVER SHEET: **6**

COMMENTS:  Please find attached Due Process Hearing Request for the above

mentioned student.

**JAMI  E. BROWN & ASSOCIATES,  LC**

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | **Attorneys at Law** | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Marshall Lammers° |
| Christopher L. West | Telephone: (202) 742-2000 | Delores Scott McKnight |
| Tilman L. Gerald | Facsimile: (202) 742-2098 | |

-------------------------------

------

* Admitted in Maryland Only

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**DATE:**     June 7, 2005

**TO:**       Sharon Newsome, Student Hearing Coordinator, DCPS

**PHONE:**    202-442-4800

**FAX NO:**   202-442-5556

**FROM:**     Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

Giovani Evans
DOB: 7/20/90

**NUMBER OF PAGES INCLUDING COVER SHEET: 6**

**COMMENTS:** Please find attached Due Process Hearing Request for the above

mentioned student.

# Exhibit 2

# District of Columbia Public Schools

## State Enforcement & Investigation Division

### confidential

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | **IMPARTIAL** |
| **GIOVANNI EVANS**, student | ) | **DUE PROCESS HEARING** |
| Date of Birth: July 20, 1990 | ) | |
| Petitioner, | ) | **DECISION & ORDER** |
| | ) | |
| versus | ) | Request Date: June 17, 2005 |
| | ) | Hearing Dates: July 21, 2005 Hr. Rm A1 |
| **The New School of Enterprise and** | ) | August 24, 2005 Hr. Rm. 1 |
| **Development Public Charter School** | ) | |
| Respondent. | ) | Held at: 825 North Capitol Street, NE |
| | ) | Eighth Floor, Hearing Room A1 |
| | ) | Washington, D.C. 20002 |
| | ) | |

| | |
|---|---|
| **Parent:** | Ruby Ledbetter |
| | 3005 20th Street, NE |
| | Washington, D.C. 20018 |
| | |
| **Counsel for the Parent/Student:** | Roberta L. Gambale, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220 L Street, NW Suite 700 |
| | Washington, D.C. 20005 |
| | |
| **Counsel for the NSEDPCS:** | William E. Houston, Esq. |
| | **Dalton, Dalton & Houston, P.C.** |
| | 1008 Pendleton Street |
| | Alexandria, Virginia 22314-1837 |

An **INDEX of NAMES** is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this **DECISION & ORDER** as a public record.

i

# INDEX of NAMES for Giovanni Evans

**Hearing Date:** August 24, 2005

Appearing on behalf of The New School of Enterprise and Development Public Charter School:

    1. Gloria H. Fulwider, Special Education Coordinator  *

Appearing on behalf of the parent/student:

    1. Ruby Ledbetter, mother  *
    2. Michelle Moody, educational consultant

  * Gave testimony.
 ** Gave testimony via telephone.

ii

# JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

# STATEMENT of the CASE

On June 17, 2005, Counsel for the Parent filed the herein Request for Mediation/Hearing on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) and the New School for Enterprise and Development Public Charter School (HSEDPCS), its own LEA, denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure on the part of NSEDPCS to complete a timely evaluation of the student for special education services.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 3:00 P.M., Thursday, July 21, 2005 at DCPS Headquarters, 825 North Capitol Street, NE, 8th Floor, Hearing Room A1, Washington, D.C. 20002. The hearing convened as scheduled.

Counsel made preliminary representations after which on July 26, 2005 the following INTERIM ORDER was issued:

1. Herein, DCPS is DISMISSED as a party; and
2. This matter is set for hearing at 11:00 A.M., August 24, 2003.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# SUMMARY of the EVIDENCE and FINDINGS of FACT

The continuation convened in Hearing Room 1 at 11:00 A.M., Wednesday, August 24, 2005

By facsimiles dated July 14 and August 18, 2005, NSEDPCS disclosed 2 witnesses and 18 documents.

By facsimile dated July 12, 2005, the parent disclosed 4 witnesses and 16 documents.

The documents were placed into the record and are referenced/footnoted herein where relevant.

The Special Education Coordinator (SEC), New School for Enterprise and Development Public Charter School (NSEDPCS), and the Parent testified.

From the testimony, documents and argument, the hearing office found the following facts:

1. Over the telephone on January 28, 2005, the SEC confirmed a meeting with the parent to come in on February 2, 2005 to begin the process for evaluation of the student for special education services, NSEDPCS Document No 14. On February 2, 2005 the parent called the SEC before taking leave from her job and was informed that the TAT would not be available, NSEDPCS Document No 17.

The SEC attempted to reschedule the meeting for February 7, 2005 but did not contact the parent as to the status of the TAT meeting.

2. After the February 2, 2005 telephone conversation with the SEC, the parent contacted an attorney on February 3, 2005 and on February 4, 2005, Counsel for the Parent sent a letter to NSEDPCS requesting evaluation of the student for special educations services, Parent Document No 5. In the letter Counsel for the Parent sets out the 120-day timeline and offered to assist in scheduling of evaluations of the student.

3. The SEC did not enlist the assistance of Counsel for the Parent in scheduling any evaluations of the student.

4. On April 22, 2005 the SEC informed the parent that a TAT meeting was scheduled for April 26, 2005, four days latter. The parent questioned whether she had been given enough notice of the TAT meeting, NSEDPCS Document No 4; the meeting did not convene.

5. During the months of February, March and April, 2005 the student virtually stop attending school.

6. The student suffered from a severe hair condition that embarrassed the student to the point the student refused to attend during the months of February, March and April 2005. The SEC knew of the student's hair condition.

7. The 120th day from February 4, 2005 was June 5, 2005 or thereabouts.

8. The only fruitful efforts the SEC made to contact the parent or Counsel for the Parent to gain parental consent to begin the evaluation of the student for special education services during the months of February, March, April, May and June resulted in the February 2, 2005 TAT meeting that NSEDPCS cancelled and the April 26, 2005 TAT meeting with 4 days notice to the parent that did not convene.

## DISCUSSION and CONCLUSIONS OF LAW

### I

**NSEDPCS did not make sufficient efforts to complete evaluation of the student for special education services within 120 days after February 4, 2005.**

When the February 4, 2005 written request for evaluation of the student for special education services was received, NSEDPCS had 120 days or to June 5, 2005 to complete the evaluation of the student for special educations services. As of February 4, 2005, the TAT was

immaterial. A parent can elect to bypass the TAT process and authorize immediate evaluation for special educations services, as was the case herein. The student's absences was a reason to suspect the student had a severe emotional disturbance, not an excuse not to contact the parent for an unnecessary and immaterial TAT meeting.

The use of the DCPS Letter of Invitation forms was unnecessary as all that was required was for the parent to come and sign the consent forms to begin the evaluations; this could have been done on February 2, 2005 or on any other day. The assumption on the part of NSEDPCS that, had the parent signed the consent for evaluation, the parent would have been unable to arrange access to the student for the completion of evaluations because of absences from school cannot be accepted. NSEDPCS should have suspected the absences from school as being the result of an emotional disturbance brought on by the student's hair condition.

In consideration of the foregoing, the hearing officer made the following

## ORDER

1. According to Superintendent's Directive 530.6, NSEDPCS shall fund an independent social history of the student. Provided a speech/language evaluation is recommended in the NSEDPCS recently completed psycho-educational evaluation of the student , NSEDPCS will also fund according to the said directive an independent speech/language evaluation of the student.

2. Within 10 days of receipt of the evaluations set out in above paragraph, NSEDPCS will convene an MDT/Eligibility/IEP/Placement meeting during which evaluations will be reviewed and the student's eligibility for special education services discussed and determined. If the student is determined ineligible, a Notice of Ineligibility will be issued at the said meeting. If the student is determine eligible, an IEP will be completed and a Notice of placement issued within 5 schooldays of the said meeting if a DCPS placement is recommended; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

3. If the student is determined eligible for special education services at the said MDT/Eligibility/IEP/ Placement meeting, the form, amount and delivery of

3 of 4 pages

compensatory education, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

4. For the said MDT/Eligibility/IEP/Placement meeting, scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. In the event of independent evaluation(s) sent to NSEDPCS, Counsel for the Parent will verify by telephone the receipt of the evaluation report copy(ies) by the NSEDPCS addressee. For disputes under this paragraph, with the burden of proof on NSEDPCS, documentation of the parties will be relied upon to determine the good faith of each party.

5. The parent is the prevailing party.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within thirty (30) days of the issue date of this decision.**

_____ Date: Sept. 7, 2005
H. St. Clair, Esq., Hearing Officer

Issued: Sept. 7, 2005
Student Hearing Office, DCPS

4 of 4 pages

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 9/7/05

TO: Gambale / Houston

FROM: STUDENT HEARING OFFICE

RE: HOD - Giovanni Evans -

TOTAL NUMBER OF PAGES, INCLUDING COVER:


COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# Exhibit 3

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Giovanni Evans
Ruby Ledbetter
3005 20th Street, NE
Washington DC 20018

May 04, 2007
In Reference To:      Giovanni Evans
                      DOB: 7/20/90
                      Attending School: Enterprise PCS

Invoice # 10002

          Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/3/2005 | RG | Consultation with legal guardian, research and case preparation. | 1.50 280.00/hr | 420.00 |
| | AAG | Confernce with parent to discuss opening case and child's educational needs; drafted initial letter to parnet. | 1.50 105.00/hr | 157.50 |
| 2/4/2005 | YA | Research educational needs re: request for initial & records from Interprise PCS | 0.33 105.00/hr | 34.65 |
| | YA | Drafted letter requesting records from New School Interprise PCS, Mediation & Compliance, Assistant Superintendent, Office of General Counsel Special Education Department | 0.75 105.00/hr | 78.75 |
| | YA | Drafted letter requesting Initial Evaluations from New School Interprise PCS, Mediation & Compliance, Assistant Superintendent, Office of General Counsel Special Education Department | 0.75 105.00/hr | 78.75 |
| | YA | Draft status letter to parent re: request for Initial evaluations and records from Interprise and DCPS | 0.75 105.00/hr | 78.75 |
| | RG | Discussion with paralegal re:request for records and evaluations | 0.42 280.00/hr | 117.60 |
| 2/15/2005 | YA | Phone call from parent re: home instruction | 0.33 105.00/hr | 34.65 |
| 2/16/2005 | YA | Draft letter to parent re: records received (enclosed educational records) | 0.75 105.00/hr | 78.75 |

Giovanni Evans                                                                                                     Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/16/2005 | YA | Draft letter to attorney re: suspension from school | 0.58<br>105.00/hr | 60.90 |
| 3/3/2005 | RG | Conference with parent telephone call re: insurance and evals | 0.33<br>280.00/hr | 92.40 |
| 3/16/2005 | RG | Conference with parent | 0.33<br>280.00/hr | 92.40 |
| 4/5/2005 | YA | Draft letter to parent re: evaluations status | 0.75<br>105.00/hr | 78.75 |
| 5/2/2005 | RG | Conference with parent in office re: case status | 0.50<br>280.00/hr | 140.00 |
| 5/3/2005 | YA | Discussion with advocate re: school information | 0.25<br>105.00/hr | 26.25 |
|  | YA | Assist attorney with correspondence to The New Enterprise Development | 0.33<br>105.00/hr | 34.65 |
|  | RG | Drafted letter to DCPS / Attorney | 0.50<br>280.00/hr | 140.00 |
| 5/4/2005 | YA | Draft status letter to parent re: follow up on evaluations | 0.75<br>105.00/hr | 78.75 |
| 6/6/2005 | RG | Prepared and file due process hearing request to DCPS | 2.00<br>280.00/hr | 560.00 |
| 6/7/2005 | YA | Assisted attorney in preparation of request for hearing to Student Hearing Office | 0.42<br>105.00/hr | 44.10 |
|  | YA | Draft status letter to parent re, Hearing Request Notice | 0.75<br>105.00/hr | 78.75 |
| 6/17/2005 | MM | Reviewed hr dated 6/7/05 ad documented issues | 0.33<br>175.00/hr | 57.75 |
| 6/22/2005 | YA | Draft status letter to parent re, Hearing Date Notice | 0.58<br>105.00/hr | 60.90 |
| 6/28/2005 | MM | File review and developed  monthly case status report and record information regarding communication with parents and school. | 0.58<br>175.00/hr | 101.50 |
| 7/6/2005 | RG | Conference with parent call from and to parent re: testing | 0.17<br>280.00/hr | 47.60 |
| 7/8/2005 | RG | Conference with parent -telephone call from mom to discuss upcoming hearing and evaluations | 0.33<br>280.00/hr | 92.40 |

Giovanni Evans                                                                          Page    3

|            |    |                                                                            | Hrs/Rate | Amount |
|------------|----|----------------------------------------------------------------------------|----------|--------|
| 7/12/2005  | YA | Phone call to Office of General Counsel re, attorney advisor scheduled for the hearing | 0.17 105.00/hr | 17.85 |
| 7/13/2005  | RG | Prepare disclosure to DCPS                                                  | 1.00 280.00/hr | 280.00 |
|            | YA | Assist attorney to prepare disclosure for tommorrow                         | 1.50 105.00/hr | 157.50 |
| 7/15/2005  | RG | Discussion with paralegal                                                   | 0.17 280.00/hr | 47.60 |
|            | YA | Prepare disclosure to William Houston, Dalton and Dalton, Houston           | 0.75 105.00/hr | 78.75 |
|            | YA | Discussion with the child's attorney                                        | 0.17 105.00/hr | 17.85 |
| 7/18/2005  | RG | Prepared and file response to motion to dismiss and follow up w paralegal   | 1.00 280.00/hr | 280.00 |
|            | YA | Research educational needs re, for information to draft the affidavit letter | 0.33 105.00/hr | 34.65 |
|            | YA | Draft Affidavit letter to Dalton, Dalton & Houston re, disclosure           | 0.75 105.00/hr | 78.75 |
|            | MM | Conference with parent                                                      | 0.33 175.00/hr | 57.75 |
|            | YA | Phone call to Dalton, Dalton, & Houston office to confirm receipt of 5 Day Disclosure | 0.17 105.00/hr | 17.85 |
|            | YA | Assisted attorney to sent response for motion to dismiss to Dalton, Dalton & Houston | 0.25 105.00/hr | 26.25 |
|            | YA | Assisted attorney to sent response for motion to dismiss to Student Hearing Office | 0.25 105.00/hr | 26.25 |
|            | YA | Assisted attorney to sent response for motion to dismiss to Office of General Counsel | 0.25 105.00/hr | 26.25 |
|            | YA | Assisted attorney to sent response for motion to dismiss                    | 0.25 105.00/hr | 26.25 |
| 7/19/2005  | RG | Conference with parent re: hearing                                          | 0.33 280.00/hr | 92.40 |
| 7/20/2005  | MM | Prepared for Due Process Hearing                                            | 1.50 175.00/hr | 262.50 |

Giovanni Evans                                                                                Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/21/2005 | RG | prepare for hearing; draft motion for continuance; attend teleconference re: preliminary motions | 2.50 280.00/hr | 700.00 |
| 7/22/2005 | YA | Discussion with the child's attorney | 0.17 105.00/hr | 17.85 |
|  | RG | Discussion with paralegal | 0.17 280.00/hr | 47.60 |
| 7/27/2005 | YA | Drafted letter to parent re, Hearing Date Notice | 0.58 105.00/hr | 60.90 |
| 7/29/2005 | MM | File review and developed  monthly case status report | 0.25 150.00/hr | 37.50 |
|  | MM | Reviewed interim order dated 7/25/05 | 0.25 150.00/hr | 37.50 |
| 8/17/2005 | RG | Discussion with the paralegal re, disclosure | 0.25 280.00/hr | 70.00 |
|  | YA | Research educational needs re, disclosure | 0.25 105.00/hr | 26.25 |
|  | YA | Discussion with the child's attorney re, disclosure | 0.25 105.00/hr | 26.25 |
| 8/22/2005 | MM | Prepared for Due Process Hearing | 0.50 150.00/hr | 75.00 |
|  | MM | File review and developed  monthly case status report and developed report regarding most recent communication with the parent and the school and the next step  in the case. | 0.58 150.00/hr | 87.00 |
| 8/23/2005 | RG | Prepared for Due Process Hearing | 0.75 280.00/hr | 210.00 |
| 8/24/2005 | RG | Appearance to 825 North Capital for due process hearing and post hearing discussion with parent | 2.00 280.00/hr | 560.00 |
|  | MH | Appearance to 825 North Capital for due process hearing and post hearing discussion with parent. | 2.00 235.00/hr | 470.00 |
| 8/26/2005 | MM | Drafted letter to private school | 0.50 150.00/hr | 75.00 |
| 8/29/2005 | RG | Conference with parent telephone call re: placment for 05/06 and evals | 0.33 280.00/hr | 92.40 |
| 8/31/2005 | YA | Discussion with advocate re, status | 0.17 105.00/hr | 17.85 |

Giovanni Evans                                                                                        Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/31/2005 | MM | Discussion with yami | 0.17 150.00/hr | 25.50 |
|  | MM | Drafted letter to private school | 0.50 150.00/hr | 75.00 |
| 9/7/2005 | YA | Drafted letter to parent re, Hearing Officer's Determination | 0.58 105.00/hr | 60.90 |
|  | RG | Reviewed HOD and instructions to paralegal | 0.50 280.00/hr | 140.00 |
|  |  | For professional services rendered | 38.98 | $7,307.45 |
|  |  | Additional Charges : |  |  |
| 2/3/2005 |  | Postage; letter to parent |  | 0.37 |
|  |  | Copied documents(Parent/adv-Intake) |  | 146.00 |
|  |  | Copied documents |  | 0.50 |
| 2/4/2005 |  | Facsimile(DCPS/Asst.syrs-req.records/Initial) |  | 5.00 |
|  |  | Facsimile records request and evaluations |  | 20.00 |
|  |  | Made Photocopies |  | 2.00 |
|  |  | Facsimile(DCPS/Med/Comp.req.records/Initial) |  | 5.00 |
|  |  | Facsimile(DCPS/OGC-req.records/Initial) |  | 5.00 |
|  |  | Copied documents(Parent-letter re.req.Initial+evals) |  | 0.25 |
| 2/16/2005 |  | Copied letter re: records received to the parent. |  | 0.25 |
|  |  | Copied records to the parent. |  | 6.75 |
|  |  | Copied documents; letter to parent re:HOD |  | 0.50 |
| 2/17/2005 |  | Postage; Status letter to the parent with records. |  | 1.52 |
| 3/14/2005 |  | Facsimile Received from DCPS |  | 2.00 |
| 4/5/2005 |  | Postage; letter to parent |  | 0.83 |
|  |  | Copied documents; letter to parent |  | 0.50 |

Giovanni Evans                                                                    Page     6

|  |  | Amount |
|---|---|---|
| 5/3/2005 | Facsimile to DCPS re: records | 2.00 |
| 5/4/2005 | Copied letter to the parent. | 0.25 |
|  | Postage; letter to parent re: evaluations. | 0.37 |
| 6/7/2005 | Postage;  HR letter to parent | 0.37 |
|  | Copied: HR letter for parent and advocate. | 3.00 |
|  | Facsimile: HR letter to SHO. | 6.00 |
| 6/21/2005 | Facsimile Received from DCPS; HDN | 1.00 |
| 6/22/2005 | Postage; HDN letter to parent. | 0.37 |
|  | Copied: HDN letter for parent. | 0.50 |
| 7/14/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied; disclosures | 29.00 |
| 7/15/2005 | Facsimile: Disclosure to Dalton. | 58.00 |
| 7/18/2005 | Facsimile: motion to dismiss to SHO and OGC. | 15.00 |
| 7/26/2005 | Facsimile Received from DCPS; interim order | 4.00 |
| 7/27/2005 | Copied: HDN letter for parent. | 0.50 |
| 7/28/2005 | Postage; letter to parent re: HDN. | 0.60 |
| 8/18/2005 | Facsimile Received from Dalton | 11.00 |
| 9/7/2005 | Copied: HOD letter for parent, file, advocate, and attorney. | 7.00 |
|  | Facsimile Received from DCPS; HOD | 7.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Postage; letter to parent HOD. | 0.60 |
|  | Copied documents; letter to parent (HOD) | 0.50 |
|  | Total costs | $460.41 |
|  | Total amount of this bill | $7,767.86 |

# Exhibit 4



| DC HOME | ABOUT DC | RESIDENTS | BUSINESS | VISITORS | DC GOVERNMENT |



**WELCOME TO WASHINGTON**
**District of Columbia**

MAYOR
Adrian M. Fenty

## Organization Information

**DCRA HOME**

**SERVICES**
Basic Business License
Business Resource Center
Building/Land Regs
Compliance/Enforcement
Organization Registration
Inspections
Land Plats
Licensing Center
Building Plan Review
  Status
Permits

**INFORMATION**

**ONLINE SERVICE REQUESTS**

## Online Organization Registration
**Search Registered Organizations**

### Organization Details - Step  1  2  3

To view another organization from the search, select the **Return to Search Results** button below. You may also **print** the organization details, or start a **new search**. Use the **Back to Main Page button** to continue the registration process.

| Organization | | Registered Agent |
|---|---|---|
| **Organization Name:** | NEW SCHOOL FOR ENTERPRISE AND DEVELOPMENT PUBLIC CHARTER SCHOOL (THE) | Charles E. Tate 1920 Bladensburg Rd, NE; Wash, DC Washington, DC 20012 |
| **State:** | DC | |
| **Status:** | ACTIVE | |
| **Initial Date of Registration:** | 12/10/1999 | |
| **File No.:** | 993891 | |
| **Organization Type:** | DOMESTIC NON PROFIT CORPORATION | |

[ << Back to Main Page ]   [ << Return to Search Results ]   [ Print Result ]
[ New Search ]

For more information, contact the BBL Info Center at (202) 442-4432 or Ask the Director .

| Government of the District of Columbia Citywide Call Center : (202) 727-1000 TTY/TDD Directory | Telephone Directory by Topic | Agencies | DC Council | Search | Elected Officials | John A. Wilson Building 1350 Pennsylvania Avenue, NW Washington, DC 20004 |
| | Feedback | Translation | Accessibility | Privacy & Security | Terms & Conditions | |

*CJ-1396 EGS*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

RUBY LEDBETTER, parent and next friend of G. E., a minor                    *1100l*

## DEFENDANTS

NEW SCHOOL FOR ENTERPRISE AND DEVELOPMENT PUBLIC CHARTER SCHOOL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Roxanne D. Neloms
Domiento Hill
James E. Brown & Associates, PLLC
1220 L Street, NW 7th Floor
Washington, DC 20005
202-742-2000

Case: 1:07-cv-01396
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/1/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ◉ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*     OR     ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

*1*

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

20 USC 1400-1491 as amended Federal Question review of agency decision involving rights to Free Appropriate Public Education

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____ Check YES only if demanded in complaint  JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☐  If yes, please complete related case form.

DATE 8/01/07  SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.